**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| INTEGRATED CLAIMS SYSTEMS, LLC, | |
| Plaintiff, | DEMAND FOR JURY TRIAL |
| v. | |
| OLD GLORY INSURANCE COMPANY | 2:15-cv-412-JRG (**LEAD CASE**) |
| SETON HEALTH PLAN, INC., | 2:15-cv-427-JRG |
| Defendants. | |

**SETON HEALTH PLAN, INC.'S MOTION TO STAY PROCEEDINGS PENDING**
**COVERED BUSINESS METHOD REVIEW OR, ALTERNATIVELY, PENDING**
**RESOLUTION OF ITS MOTION TO DISMISS**

## TABLE OF CONTENTS

Page

I.      INTRODUCTION AND STATEMENT OF ISSUES .........................................................1

II.     BACKGROUND .............................................................................................................2

III.    THE CASE SHOULD BE STAYED PENDING CBM REVIEW ....................................3

        A.      Issue simplification strongly favors a stay.............................................................4

        B.      The stage of litigation strongly favors a stay.........................................................6

        C.      A stay will not unduly prejudice ICS or create a clear tactical advantage .............7

        D.      The reduced burdens of litigation strongly favor a stay .........................................8

IV.     THE CASE SHOULD BE STAYED PENDING RESOLUTION OF SETON'S
        MOTION TO DISMISS ..................................................................................................9

V.      CONCLUSION................................................................................................................12

# Table of Authorities

<u>Cases</u>

*Anascape, Ltd. v. Microsoft Corp.*
    475 F. Supp. 2d 612 (E.D. Tex. 2007) ................................................................. 4

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ................................................................................... 12

*Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc.*
    767 F.3d 1383 (Fed. Cir. 2014) ........................................................................ 4

*Clinton v. Jones*
    520 U.S. 681 (1997) ....................................................................................... 9

*DataTreasury Corp. v. Fiserv, Inc.*
    No. 2:13-cv-431 (E.D. Tex. Sept. 29, 2014) ............................................................ 4

*Datatreasury Corp. v. Wells Fargo & Co.*
    490 F. Supp. 2d 749 (E.D. Tex. 2006) ................................................................. 5

*Dietgoal Innovations LLC v. Chipotle Mexican Grill, Inc.*
    Case No. 2:12-00764-WCB-RSP (E.D. Tex. Apr. 21, 2014) ............................................. 11

*Gould v. Control Laser Corp.*
    705 F.2d 1340 (Fed.Cir.1983) ........................................................................... 9

*ICS v. Old Glory*
    No. 2:15-cv-00412, Dkt. No. 45 ..................................................................... 3, 6

*ICS v. Old Glory*, No. 2:15-cv-00412 (E.D. Tex.), Dkt. No. 23 .................................................. 2

*ICS v. Seton* No. 2:15-cv-00427 (E.D. Tex.), Dkt. No. 13 ............................................. 2, 5, 10, 11

*In re Comiskey*
    554 F.3d 967 (Fed. Cir. 2009) ......................................................................... 11

*Landis v. N. Am. Co.*
    299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936) ...................................................... 9

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*
    901 F.2d 404 (5th Cir. 1990) ......................................................................... 10

*Moneycat Ltd. v. Paypal Inc.*
    No. 14-cv-2490, 2014 WL 5689844 (N.D. Cal. Nov. 4, 2014) ............................................. 4

*Petrus v. Bowen*
    833 F.2d 581 (5th Cir. 1987) ..................................................................... 10, 11

*Presqriber, LLC v. Amazing Charts, LLC*
  Case No. 6:14-cv-446-KNM (E.D. Tex. Sept. 9, 2014), Slip Op., Dkt. No. 23 .................... 11

*Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*
  Case No. 1:10-cv-01370, 2013 WL 1662952 (N.D. Ohio Apr. 17, 2013) ............................. 8

*Scroggins v. Air Cargo, Inc.*
  534 F.2d 1124 (5th Cir. 1976) ...................................................................................... 10

*Secure Axcess, LLC v. U.S. Bank Nat'l Ass'n*
  No. 6:13-cv-717 (E.D. Tex. Oct. 20, 2014) ....................................................................... 4

*Segin Sys., Inc. v. Stewart Title Guar. Co.*
  No. 2:13-cv-190, 2014 WL 3895931 (E.D. Va. Aug. 8, 2014) ............................................. 4

*Smartflash LLC v. Apple Inc.*
  2015 WL 4603820 (Fed. Cir. 2015)................................................................................... 7

*Solutran, Inc. v. Elavon, Inc.*
  No. 13-cv-2637 (D. Minn. Sept. 18, 2014)........................................................................ 4

*Versata Software, Inc. v. Callidus Software, Inc.*
  No. 2014-1468, 2015 WL 981523 (Fed. Cir. Feb. 27, 2015) ............................................... 4

*VirtualAgility Inc. v. Salesforce.com, Inc.*
  759 F.3d 1307 (Fed. Cir. 2014)............................................................................... passim

*Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*
  200 F. 3d 795 (Fed. Cir. 1999) .................................................................................... 10

*Von Drake v. Nat'l Broad Co., Inc.*
  No. 3-04-CV-0652-R, 2004 U.S. Dist. Lexis 25090 (N.D. Tex. May 20, 2004) .................. 10

*Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*
  341 F. Supp. 2d 639 (N.D. Tex. 2004) ....................................................................... 9, 10

## Statutes and Codes

United States Code
  Title 35 section 101............................................................................................... passim

America Invents Act
  Section 18(b)........................................................................................................1, 3, 9

<u>Rules and Regulations</u>

Federal Rules of Civil Procedure
    Rule 26................................................................................................................9
    Rule 12(b)(6)..................................................................................................1, 12
    Rule 26(c)......................................................................................................9, 10

<u>Other Authorities</u>

157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) ......................................................... 11

157 Cong. Rec. S1367 (daily ed. Mar. 8, 2011) ........................................................... 7

8 Charles Alan Wright & Richard L. Marcus, FEDERAL PRACTICE &
    PROCEDURE § 2040, at 521 (2d ed. 1994) ........................................................ 14

Defendant Seton Health Plan, Inc. respectfully moves the Court to stay this case pending the Patent Trial and Appeal Board's covered business method ("CBM") review of U.S. Patent No. 8,676,609 pursuant to Section 18(b) of the America Invents Act, or in the alternative, pending resolution of Seton's motion to dismiss Integrated Claims Systems, LLC's ("ICS") claims pursuant to F.R.C.P. 12(b)(6) and 35 U.S.C. § 101 (Dkt. No. 13).

## I.  INTRODUCTION AND STATEMENT OF ISSUES

This case should be stayed pending resolution of a legal issue fatal to the validity of each asserted claim of the patents-in-suit: whether they are directed at patentable subject matter under 35 U.S.C. § 101.  That legal issue will soon be resolved by either the PTAB or this Court.

On July 30, 2015, the PTAB instituted a covered business method review of the asserted '609 patent, concluding that claims 81 and 83-88 of the '609 patent are more likely than not unpatentable under 35 U.S.C. § 101.  *See* Ex. 1.  The identical claims are asserted against Seton in this case.  Thus, the case should be stayed with respect to the '609 patent pending resolution of the CBM review.  Importantly, however, ICS concedes that all of its related patents involve the same inventor, specification, family, and *invention*, *see* Ex. 2, slip op. at 6, 10, and the PTAB has concluded in *four* other decisions that two related ICS patents are also more likely than not invalid under § 101, *see* Exs. 3-6.  The CBM proceedings are therefore highly instructive on the abstract nature of the other asserted patents in this case, U.S. Patent Nos. 6,003,007 and 6,199,115.  Accordingly, the Court should stay the case with respect to all asserted patents pending resolution of the CBM proceedings.

Additionally, Seton filed a motion to dismiss in this case that demonstrates how each of the asserted claims of the '609, '007, and '115 patents is not directed at patentable subject matter under § 101.  The other defendant, Old Glory Insurance Co., has filed a motion for judgment on

the pleadings based on the same issue.  ICS has responded to both motions.  Accordingly, the Court should stay the case pending resolution of these motions.

## II.    BACKGROUND

ICS is a non-practicing entity based in Elizaville, New York and is comprised of one employee: Andrew DiRienzo.  It has filed a series of lawsuits based on a portfolio of related patents that it concedes are: "(1) in the same family; (2) relate to the same invention; (3) share the same patent specification; and (4) stem from the same ultimate parent."  Ex. 7 at 5; *see also* Ex. 2, slip op. at 6, 10.

On March 24, 2015, ICS filed a complaint alleging that Seton infringed the '609, '007, and '115 patents.  Seton filed a motion to dismiss for failure to state a claim on June 1, 2015 demonstrating that each claim of the asserted patents is invalid under § 101 for claiming non-patentable subject matter.  *See ICS v. Seton*, No. 2:15-cv-00427 (E.D. Tex.), Dkt. No. 13 ("Dismissal Motion").  The briefing on the Dismissal Motion is scheduled to close this week with the filing of ICS's sur-reply in opposition.

ICS's case against Seton has been consolidated with ICS's case against Old Glory in Civil Action No. 2:15-cv-00412.  On July 9, 2015, Old Glory moved for judgment on the pleadings, also demonstrating that the asserted patents are invalid under § 101.  *See ICS v. Old Glory*, No. 2:15-cv-00412 (E.D. Tex.), Dkt. No. 23.  The briefing on Old Glory's motion closed with the filing of ICS's sur-reply in opposition on August 17, 2015.

The patentability of ICS's patent portfolio is also being litigated at the PTAB.  On March 31, 2015, the PTAB instituted CBM reviews of the related ICS U.S. Patent Nos. 7,346,768 and 7,178,020, concluding that each of the claims at issue is more likely than not invalid under § 101. Ex. 3 (CBM2014-00187); Ex. 4 (CBM2014-00186).  On July 31, the PTAB instituted two additional CBM reviews of the '020 patent, concluding that each of the claims at issue is more

likely than not invalid under § 101.  Ex. 5 (CBM2015-00062); Ex. 6 (CBM2015-00063).  On the same day, the PTAB also instituted CBM review of the '609 patent, concluding that claims 81 and 83-88 of the '609 patent are more likely than not invalid under § 101.  Ex. 1 (CBM2015-00064).  The trial for the CBM review of the '609 patent, if needed, is scheduled for April 26, 2016.  That PTAB will most likely issue a final decision a few months later.

Seton files this motion to stay the week that briefing closes on its motion to dismiss and within weeks of institution for the CBM review of the '609 patent.  The docket control order was entered six days ago, and the parties exchanged initial disclosures five days ago.  *See ICS v. Old Glory*, No. 2:15-cv-00412, Dkt. No. 45 ("Docket Control Order").  Invalidity contentions are due September 24, 2015, and the first disclosures related to claim construction are due in October 2015.  *Id.*  No party has served any discovery requests.  A claim construction hearing is scheduled for February 4, 2016, and jury selection is scheduled for August 1, 2016.  *Id.*

## III.   THE CASE SHOULD BE STAYED PENDING CBM REVIEW

The America Invents Act provides that courts should consider four factors in determining whether to stay a district court patent infringement proceeding "relating to a [CBM review] proceeding for that patent":

(A)   whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

(B)   whether discovery is complete and whether a trial date has been set;

(C)   whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(D)   whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

*VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014); Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 18, 125 Stat. 284, 329-31 (2011).

In *VirtualAgility*, the Federal Circuit reversed an order denying a stay after CBM review instituted on a fact pattern less compelling than the circumstances presented here.  Since that decision, courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted CBM review proceedings.  *See Moneycat Ltd. v. Paypal Inc.*, No. 14-cv-2490, 2014 WL 5689844 (N.D. Cal. Nov. 4, 2014); *Secure Axcess, LLC v. U.S. Bank Nat'l Ass'n*, No. 6:13-cv-717 (E.D. Tex. Oct. 20, 2014); *DataTreasury Corp. v. Fiserv, Inc.*, No. 2:13-cv-431 (E.D. Tex. Sept. 29, 2014); *Solutran, Inc. v. Elavon, Inc.*, No. 13-cv-2637 (D. Minn. Sept. 18, 2014); *Segin Sys., Inc. v. Stewart Title Guar. Co.*, No. 2:13-cv-190, 2014 WL 3895931 (E.D. Va. Aug. 8, 2014); *see also Versata Software, Inc. v. Callidus Software, Inc*., No. 2014-1468, 2015 WL 981523 (Fed. Cir. Feb. 27, 2015); *Benefit Funding Sys. LLC v. Advance Am. Cash Advance Ctrs. Inc*., 767 F.3d 1383 (Fed. Cir. 2014).

### A.      Issue simplification strongly favors a stay

A stay of this litigation pending the PTAB's review of the patentability of the '609 patent will streamline the issues in this litigation, if not resolve them completely.  The PTAB has concluded that all of the asserted claims of the '609 patent—claims 81 and 83-88—are more likely than not directed at unpatentable subject matter under § 101.  The PTAB's determination to institute a CBM review on *all* of the asserted claims of the '609 patent could entirely dispose of that patent in this litigation—the ultimate simplification of issues.  *See VirtualAgility*, 759 F.3d at 1314.  But regardless of whether the claims are ultimately cancelled, the CBM review of the '609 patent is akin to further prosecution; the claims may be amended, and evidence and argument in the CBM review may inform the meaning of claim terms.  A stay simplifies that issue by avoiding "unnecessary claim construction of what could potentially be a moving target." *Id.*; *see also Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007) ("Courts need not expend unnecessary judicial resources by attempting to resolve claims which

may be amended, eliminated or lucidly narrowed by the patent reexamination process and the expertise of its officers."); *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 755 (E.D. Tex. 2006) ("Amended claims also have the potential for simplifying the issues that need to be litigated."). Thus, a stay will undoubtedly simplify issues with respect to the '609 patent.

A stay will also simplify issues with respect to the two remaining patents. As detailed in Seton's motion to dismiss, all three of ICS's patents-in-suit claim nearly identical abstract ideas, which relate to the collection, categorization, storage, and transmission of information. *See* Dismissal Motion. All three patents are related and, as ICS concedes, share the same specification, inventor, and invention. *See* Ex. 7 at 5; Ex. 2, slip op. at 6, 10. ICS also concedes that these three patents share the same specification, inventor, and invention as two other related ICS patents: U.S. Patent Nos. 7,346,768 and 7,178,020. To date, the PTAB has instituted *four* CBM reviews of the '020 and '768 patents, which together have concluded that *twenty-three* claims of the '020 patent and *fourteen* claims of the '768 patent are more likely than not unpatentable under § 101. *See* Ex. 3-6. ICS's portfolio of related patents directed at the same purported invention are clearly among "the backwash of invalid business-method patents" for which Congress enacted CBM patent review,[1] and every claim from that portfolio that has been challenged on patent eligibility grounds at the PTAB has resulted in an instituted CBM review.

The ICS patents are all related and share the same flaw. Thus, the CBM review proceedings on the '609 patent will substantially inform and impact the patent eligibility determination for the asserted claims of the '007 and '115 patents as well. Because that determination affects *all* asserted claims of *all* the asserted patents, *see* Dismissal Motion, the CBM review of the '609 patent will resolve a patentability issue central to the entire case. If

---

[1] 157 Cong. Rec. S1367 (daily ed. Mar. 8, 2011) (statement of Sen. Kyl).

successful, "[t]his would not just reduce the burden of litigation on the parties and the court—it would eliminate it entirely." *VirtualAgility*, 759 F.3d at 1314.  Thus, a stay will simplify issues with respect to all three asserted patents.  Accordingly, the first factor in a stay analysis weighs strongly in favor of a stay.

### B.       The stage of litigation strongly favors a stay

The second factor—how far litigation has progressed—weighs heavily in favor of a stay. The proper time to measure the stage of litigation is the date the motion to stay is filed. *VirtualAgility*, 759 F.3d at 1317.  Here, Seton files its motion to stay within weeks of the PTAB's decision to institute CBM review of the '609 patent and on the same day that briefing closes on Seton's motion to dismiss based on § 101.  While jury selection has been set for August 2016, the case has only just begun. Other than exchanging initial disclosures four days ago, no other substantive discovery has taken place.  There have been no interrogatory requests, no requests for admission, no deposition notices (let alone depositions), and only limited document production.  The close of fact discovery is March 14, 2016, and the close of expert discovery is April 25, 2016.  *See* Docket Control Order.  Thus, discovery has hardly begun.

The case has hardly begun in other areas as well.  The docket control order was just entered five days ago.  The parties do not exchange proposed claim terms until October, and opening claim construction briefs are not due for nearly four months.  Seton's invalidity contentions are a month away, and the pleadings can be amended without leave for the next three months.  In short, Seton seeks to stay the litigation at the earliest possible stage—shortly after the '609 patent's CBM review instituted and before discovery advances beyond nascent stages.  As a result, the stage of litigation strongly favors a stay.  *See VirtualAgility*, 759 F.3d at 1317.

**C.**     **A stay will not unduly prejudice ICS or create a clear tactical advantage**

Because a stay will not unduly prejudice ICS or provide Seton with a clear tactical advantage, the third factor favors a stay.   "[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings during the CBM review, like the irreparable harm-type inquiry, focuses on the patentee's need for an expeditious resolution of its claim."  *VirtualAgility,* 759 F.3d at 1318 (emphasis in original).   A stay will not diminish the monetary damages to which ICS will be entitled if it succeeds in its infringement suit, it only delays realization of those damages.   Seton and ICS are not competitors.   Although ICS requests injunctive relief and pleads irreparable harm in its complaint, it did not seek a preliminary injunction.  *See id.* at 1319 ("[T]he fact that it was not worth the expense to ask for this remedy contradicts [patent owner]'s assertion that it needs injunctive relief as soon as possible.").   Moreover, ICS waited over 15 years after the '007 and '115 patents issued, and over a year after the '609 patent issued, before it filed suit against Seton.  *Id.* ("We also note that [patent owner], for some unexplained reason, waited nearly a year after the [] patent issued before it filed suit against Defendants.").   As in *VirtualAgility*, these facts weigh against any purported claim by ICS that it would be unduly prejudiced by a stay.

A stay would also not give Seton a clear tactical advantage.   As demonstrated by Seton's diligence in filing its motion to dismiss at the pleading stage and seeking a stay within weeks of the instituted CBM review, Seton has not been dilatory in seeking resolution of the threshold § 101 patentability issue.   While the timing of CBM petitions may create a tactical advantage in some cases, *see Smartflash LLC v. Apple Inc.*, 2015 WL 4603820, *7 (Fed. Cir. 2015) (nonprecedential), that is not the case here.   Accordingly, the third factor weighs in favor of granting a stay.

**D.     The reduced burdens of litigation strongly favor a stay**

The fourth factor—how a stay will affect the burden of litigation on the parties and on the court—overlaps substantially with the first factor, yet is nevertheless a separate factor "which must be weighed in the stay determination." *VirtualAgility*, 759 F.3d at 1313.  Courts have recognized that "[t]he fourth factor of the test was enacted to increase the likelihood that a stay would be granted." *Progressive Cas. Ins. Co. v. Safeco Ins. Co. of Ill.*, Case No. 1:10-cv-01370, 2013 WL 1662952, at *8 (N.D. Ohio Apr. 17, 2013).

Congress created the CBM review proceedings to stem the tide of suspect business method patents and associated patent litigation.  *See* 157 Cong. Rec. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer).  The proceedings were intended to be a viable alternative to litigating business method patents in district court.  *Id.*  Thus, where the cost of defense in district court litigation often dictates whether to take a license to an otherwise invalid patent, CBM review provides a less expensive and faster forum to resolve the dispute.

Here, a stay will have the precise effect Congress intended in establishing CBM review: avoid costly litigation of potentially invalid business method patents.  The PTAB has scheduled trial on the CBM review, if needed, for April 26, 2016—well before trial in this case.  By staying the case, the Court will not be required to expend substantial judicial resources in deciding claim construction, non-infringement, and invalidity before many or all of the asserted claims of the '609 patent are narrowed, changed or found invalid under § 101 through the CBM review proceedings.  Moreover, a resolution of the '609 patent's eligibility under § 101 will affect the analysis of that same issue for the '007 and '115 patents, which reduces the burden on the parties and the Court for those patents as well.

Furthermore, during CBM review, ICS may amend any of the challenged claims of the '609 patent.  A stay eliminates the substantial risk that the parties upcoming investments in

responding to written discovery, collecting and producing documents, preparing invalidity contentions, and developing claim construction positions will be wasted by a later amendment to the asserted claims. Indeed the earliest case deadlines (e.g., preparation of invalidity contentions and the exchange of claim terms) require a substantial investment of time and resources and are the most likely to be rendered moot or obsolete following CBM review. Thus, for these reasons and those identified for the first factor, the fourth factor strongly favors granting a stay.

*　　*　　*

In sum, the four statutory factors weigh heavily in favor of a stay. No exceptional circumstances offset the "heavy thumb" that Section 18(b) places in favor of a stay. Accordingly, to simplify the issues at this early stage and reduce the burden on the parties and the Court, the Court should stay this lawsuit pending CBM review of the '609 patent.

## IV. THE CASE SHOULD BE STAYED PENDING RESOLUTION OF SETON'S MOTION TO DISMISS

Federal Rule of Civil Procedure 26 provides this Court with the authority and discretion to determine the timing and sequence of discovery. Fed. R. Civ. P. 26(c). It is also well-settled that a district court has inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *see also Clinton v. Jones,* 520 U.S. 681, 706 (1997); *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1341 (Fed.Cir.1983). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc*., 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004) (*quoting Landis v. N. Am. Co*., 299 U.S. at 254). "Such questions of docket management are left to the sound discretion of the district court," and require only that the court "weigh the competing interests of the parties relating to the appropriateness of

9

a stay." *Id.,* 341 F. Supp. 2d at 642 (*citing Landis*, 299 U.S. at 255).  A stay pending resolution of

the dismissal motion is warranted here under Rule 26(c) as well as the court's inherent power.

The Fifth Circuit has recognized that a stay is warranted on an early motion to dismiss the

case because such motions "are decided on the face of the complaint," without need for

discovery, and because if granted, the motion would dispose of the entire case, thus avoiding the

undue expense and burden of discovery.  *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901

F.2d 404, 435-36 (5th Cir. 1990); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)

("A trial court had broad discretion and inherent power to stay discovery until preliminary

questions that may dispose of the case are determined."); *Scroggins v. Air Cargo, Inc.*, 534 F.2d

1124, 1133 (5th Cir. 1976) (affirming a stay of any discovery unrelated to the defendant's

motion for summary judgment because if the summary judgment motion were granted, the

parties will have avoided expensive general discovery); *Vivid Techs., Inc. v. Am. Sci. & Eng'g,

Inc.*, 200 F. 3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court

may stay discovery concerning other issues until the critical issue is resolved.") (citing 8 Charles

Alan Wright & Richard L. Marcus, Federal Practice & Procedure § 2040, at 521 (2d ed.

1994). "[T]he disposition of a motion to dismiss 'might preclude the need for discovery

altogether thus saving time and expense.'"  *Von Drake v. Nat'l Broad Co., Inc.*, No. 3-04-CV-

0652-R, 2004 U.S. Dist. Lexis 25090, at *1 (N.D. Tex. May 20, 2004).  Once the moving party

has shown why the discovery sought would be unduly burdensome and expensive, the non-

movant must show a need for the discovery such that the burden and expense on the movant

"would not be 'undue.'"  *Landry*, 901 F.2d at 436.

A stay is warranted here.  First, no discovery is needed to resolve Seton's motion to

dismiss.  As detailed in Seton's motion, all of the asserted claims of the three patents-in-suit are

invalid under § 101 because they are directed at non-patentable subject matter.  *See* Dismissal Motion.  Invalidity under § 101 is a pure question of law.  *In re Comiskey*, 554 F.3d 967, 975 (Fed. Cir. 2009).  Indeed, Seton's motion to dismiss relies only on the asserted patents and legal authorities.  *See* Dismissal Motion.  Thus, Seton's motion can be fully addressed without the burden and expense of discovery.  *See Dietgoal Innovations LLC v. Chipotle Mexican Grill, Inc*., Case No. 2:12-00764-WCB-RSP (E.D. Tex. Apr. 21, 2014), Slip Op., Dkt. No. 27 (staying case pending disposition of defendants' § 101 summary judgment motions); *Presqriber, LLC v. Amazing Charts, LLC*, Case No. 6:14-cv-446-KNM (E.D. Tex. Sept. 9, 2014), Slip Op., Dkt. No. 23 (denying plaintiff's motion for leave to take discovery on defendants' pending motions to dismiss under § 101).

Second, if granted, Seton's motion to dismiss will dispose of the entire case.  Seton's motion to dismiss demonstrates that each of the asserted claims of the '609, '007, and '115 patents are invalid under § 101 for claiming non-patentable subject matter.  No other claims or patents are at issue in the case.  In such a situation, the Fifth Circuit has instructed that a motion to dismiss should be resolved *before* discovery begins.  *Petrus*, 833 F.2d at 583 ("A trial court had broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.").

Third, the balance of hardships favors a stay.  As discussed above, a stay will not unduly prejudice ICS.  *See* Part III.C, *supra*.  ICS and Seton are not competitors, and a brief stay pending resolution of the motion to dismiss will have no impact on ICS's case.  In contrast, if the case is not stayed, Seton faces a number of procedural and patent-related disclosure obligations that require significant investments of time and expense, in addition to any discovery requests that ICS propounds on Seton, none of which is necessary if Seton's motion is ultimately granted.

11

Finally, a stay is warranted because the scheduling order and local patent rule obligations, together with any discovery from ICS, are unduly burdensome, time consuming, and costly in view of ICS's claims.  As the Supreme Court warned, motions to dismiss serve to check discovery abuse in a way that cannot otherwise be solved in later stages of litigation because "the threat of discovery expense will push cost-conscious defendants to settle even anemic cases." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007).  ICS's case is particularly anemic.  It is anchored to a portfolio of related patents that the PTAB has determined—in *four* separate decisions addressing *forty-four* claims to date—are more likely than not invalid under § 101. The cost of defense far outstrips the merits of ICS's case.  A stay pending resolution of the § 101 issue provides an important check against what is more likely than not an unnecessary expense.

Accordingly, the court should stay proceedings and enter a protective order until resolution of Seton's motion to dismiss.  Seton's motion is based on a question of law that requires no discovery and would dispose of the entire case if granted.  A brief stay until the motion is resolved will not prejudice ICS, but will protect Seton from the potential undue burden and expense associated with discovery and upcoming case deadlines.

## V.    CONCLUSION

For the foregoing reasons, Seton respectfully requests that the Court stay this case pending the PTAB's CBM review of the '609 patent, or in the alternative, pending resolution of Seton's motion to dismiss ICS's claims pursuant to Rule 12(b)(6) and § 101.

Dated:  August 25, 2015

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

/s/ *Conor M. Civins*
Conor M. Civins
Texas State Bar No. 24040693
conor.civins@pillsburylaw.com
Brian C. Nash
Texas State Bar No. 24051103
brian.nash@pillsburylaw.com
111 Congress Ave., Suite 400
Austin, Texas 78701
Tel:  (512) 375-4911
Fax:  (512) 375-4901

***Counsel for Defendant
Seton Health Plan, Inc.***

13

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 25, 2015.

*/s/ Conor M. Civins*
Conor M. Civins

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I have complied with the meet and confer requirement in Local Rule CV-7(H) and this motion is opposed.

*/s/ Conor M. Civins*
Conor M. Civins

14