# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| INTEGRATED CLAIMS SYSTEMS, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| OLD GLORY INSURANCE COMPANY, | § | CIVIL ACTION NO. 2:15-CV-00412-JRG |
| | § | (Lead Case) |
| | § | |
| SETON HEALTH PLAN, INC. | § | CIVIL ACTION NO. 2:15-CV-00427-JRG |
| | § | (Member Case) |
| *Defendants*. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Dismiss filed by Seton Health Plan, Inc. ("Seton"). (Dkt. No. 74). Having considered the Motion to Dismiss, for the reasons set forth herein, the Court finds the Motion to Dismiss should be and hereby is **DENIED WITHOUT PREJUDICE**.

### I. **Factual and Procedural Background**

On March 24, 2015, Plaintiff Integrated Claims Systems, LLC ("ICS") filed a complaint alleging that Seton has infringed U.S. Patent No. 6,003,007 ("the '007 Patent"); U.S. Patent No. 6,199,115 ("the '115 Patent"), and U.S. Patent No. 8,676,609 ("the '609 Patent"). (Case No. 2:15-CV-427-JRG, Dkt. No. 1). Seton moved to stay this case after the Patent Trial and Appeal Board ("PTAB") instituted CBM review the '609 Patent on July 30, 2015. (Dkt. No. 51). In support of its motion to stay, Seton noted that the PTAB had also instituted CBM review on two other patents, which Seton alleged were comparable to the remaining '007 Patent and '115 Patent in this case.

Without passing directly on that latter question of comparability, the Court granted Seton's motion to stay on September 25, 2015, and ordered the case stayed for six months. (Dkt. No. 63). The Court extended the stay on June 29, 2016, after the PTAB issued a Final Written Decision

invaliding all claims in the '609 Patent which were asserted by ICS in this case. (Dkt. No. 67). After ICS appealed the Final Written Decision to the Court of Appeals for the Federal Circuit, the Court extended the stay in this case by an order issued on August 29, 2016, (Dkt. No. 69), and the Court extended the stay through the pendency of the proceedings before the Federal Circuit. (Dkt. No. 72). The Court also denied, without prejudice, Seton's then-pending motion to dismiss, explaining "[i]f and when the stay is lifted in the future, within fourteen (14) days thereafter, the parties may re-urge any motion denied without prejudice herein." (*Id.*)

Without the stay being lifted, and without otherwise seeking or receiving leave of Court, Seton "re-urge[d] its motion to dismiss" on March 16, 2018, (Dkt. No. 74 at 1), which Defendant Old Glory Insurance Company ("OG") joined. (Dkt. No. 75). In the Motion to Dismiss, Seton does not address the Court's prior order instructing Seton that it should only re-urge such a motion after the stay is lifted. Further, in the most recent joint status report from the parties, Seton affirmatively urges the Court *not* to lift the stay on the basis that the Court should instead grant its Motion to Dismiss and thereby dispose of the case. (Dkt. No. 83 at 1–2).

Additionally, the Motion to Dismiss does not include any of the certifications related to claim construction which are required by the Court's Standing Order Regarding Motions Under 35 U.S.C. § 101 and Accompanying Certifications ("the § 101 Standing Order"). The § 101 Standing Order applies to all dispositive motions asserting the invalidity that a patent-in-suit is invalid under 35 U.S.C. § 101. However, the § 101 Standing Order only applies to dispositive motions which are filed before the Court holds a claim construction hearing in a given case. The § 101 Standing Order requires the movant to engage in a serious and substantial meet-and-confer effort addressed to whether claim construction is necessary to evaluate patentability under § 101. It also requires the movant include a certificate in the dispositive motion that reflects each party's

position with respect to whether claim construction would assist the Court in evaluating the motion. However, the Motion to Dismiss does not include any such certification, and does not explain the absence of such certification. Nor is there any basis in the record to conclude that Seton engaged in the specific meet-and-confer required by the § 101 Standing Order.

## II.     **Legal Standard**

Federal courts have the inherent authority to sanction litigants who violate court orders. *Sandifer v. Gusman*, 637 F. App'x 117, 122 (5th Cir. 2015). In addition to orders directed at a particular party, sanctions may be imposed for violation of a court's standing orders or local rules. *See Fleming & Assocs. v. Newby & Tittle*, 529 F.3d 631, 637 (5th Cir. 2008) ("[A] district court always has jurisdiction to impose sanctions designed to enforce its own rules . . . ."); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 57 (1991) ("[A] party may be sanctioned for . . . disobeying the court's orders."). An appropriate measure of sanctions pursuant to "a court's inherent power" may include "an assessment of attorney's fees." *Allstate Ins. Co. v. Mader*, 201 F. App'x 261, 265 (5th Cir. 2006) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991)); *accord* 28 U.S.C. § 1927 (authorizing statutory sanctions against attorneys); *In re Black*, No. CV 16-13200, 2017 WL 3034348, at *7 (E.D. La. July 18, 2017) ("Moreover, the Fifth Circuit has held that violating a court order can constitute bad faith.").

At the same time, this Court views the imposition of sanctions as a serious matter that should only be done when no lesser remedy would suffice. *Haas v. Woods*, 54 F. App'x 412, 412 (5th Cir. 2002) ("It was the judge's obligation to consider the least severe and effective sanction."). "Indeed, the Supreme Court has cautioned that 'because of their very potency, inherent powers must be exercised with restraint and discretion.' " *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995) (quoting *Chambers*, 501 U.S. at 44); *see also id.* ("[T]he threshold for the use of inherent power sanctions

is high." (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995))); *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 675 F.3d 433, 440 (5th Cir. 2012) ("A court should invoke its inherent power to award attorney's fees only when it finds that 'fraud has been practiced upon it, or that the very temple of justice has been defiled.' " (quoting *Chambers*, 501 U.S. at 46)).

## III. Discussion

In this case, the Court exercises its substantial discretion not to issue sanctions despite Seton's violation of two orders of this Court.[1] Mindful of the obligation to exercise its inherent powers "with restraint and discretion," this Court typically reserves application of its sanction authority for repeat offenders or other flagrant misconduct. Seton's single motion, while a violation of multiple orders, constitutes an individual instance of misconduct. No aggravating circumstances are present which suggest that the violations were willful. Accordingly, the Court is confident that the admonitions in this Order are sufficient to induce Seton to comply with this Court's orders. *See Haas*, 54 F. App'x at 412. If the Court is wrong, it can revisit sanctions at that time.

## IV. Conclusion

The Court issued a stay in this case to conserve the resources of the parties and the Court, in view of the co-pending administrative actions in the PTAB. In contravention of that order, Seton unduly induced the additional expenditure of resources in filing its Motion to Dismiss. Seton's Motion to Dismiss also violated the Court's § 101 Standing Order, which is similarly aimed at streamlining disputes related to patent-eligible subject matter that are raised prior to claim construction.

---

[1] In filing the instant Motion to Dismiss, Seton violated two orders of this Court. First, Seton violated the Court's stay order, in which the Court instructed that Seton may re-urge its motion to dismiss ***after*** the stay was lifted. Second, the instant Motion to Dismiss violated the Court's § 101 Standing Order in that Seton failed to include the certificate required by such order.

In view of the foregoing, Seton's Motion to Dismiss is **DENIED WITHOUT PREJUDICE TO REFILING**. Seton may re-urge a motion to dismiss *only* after the Court has lifted the stay and *only* after the Court has issued a claim construction order addressed to any asserted claims which remain at such time. *See MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019) ("Determining patent eligibility requires a full understanding of the basic character of the claimed subject matter."). Any motion to dismiss must comply with the Court's § 101 Standing Order. Finally, the Court **ORDERS** that all deadlines in this case remain **STAYED** until further order of this Court. Counsel for Seton shall file a notice in this case within three days acknowledging they have carefully reviewed this order, including but not limited to the admonitions and guidance, as to future practice, which are a part hereof.

**So ORDERED and SIGNED this 3rd day of March, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE