**IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS MARSHALL DIVISION**

| | |
|---|---|
| INTEGRATED CLAIMS SYSTEMS, LLC, | |
| Plaintiff, | DEMAND FOR JURY TRIAL |
| v. | |
| OLD GLORY INSURANCE COMPANY | 2:15-cv-412-JRG (**LEAD CASE**) |
| SETON HEALTH PLAN, INC., | 2:15-cv-427-JRG |
| Defendants. | |

**REPLY TO NOTICE BY OLD GLORY
INSURANCE COMPANY IN RESPONSE TO
ORDER (DOCUMENT NO. 122)**

On December 1, 2020, the Court stayed this case with respect to Plaintiff Integrated Claims Systems, LLC ("ICS") and Defendant Old Glory Insurance Company ("Old Glory") for thirty (30) days. (Document No. 122) ("Order"). At the time the Stay was entered, ICS and Old Glory were discussing a License only between the parties to the suit and only to the patent-in-suit.

Counsel for ICS sent a draft License to Old Glory on December 15, 2020. Old Glory was informed that ICS always handles final negotiations directly. That said, the entire draft License only contained two terms needing any negotiation. Old Glory was also informed that the draft was essentially identical to the License which resolved the recently dismissed action against Seton Healthcare.

Old Glory responded on December 24, 2020 with a Compromise Settlement Agreement ("CSA"). This CSA added Releases to seven additional patents. These additional patents name the same inventor as the patent-in-suit, but are unrelated to the patent-in-suit. Two of these unrelated patents are not even owned by Plaintiff ICS. And for the first time, Old Glory also

sought to expand the covered licensees. Now, Old Glory's parent company, Heartland Security Insurance Group (Heartland), and apparently its at least six unrelated subsidiaries, none of which ICS had ever heard of, would also get a license. And these are not small entities – – for example, one of the subsidiary companies, Claims Administrative Services, Inc., calls itself the largest processor of federal Worker's Compensation claims in the nation.

ICS is willing to discuss licensing Heartland and its subsidiaries, but not in the dark. Since ICS knew nothing about these companies, not even whether they needed licenses, it asked for information. Old Glory responded with its 12/31 Notice, arguing beyond all evidence to the contrary, that there was an agreement between ICS, Old Glory and Heartland covering not only the patent-in-suit, but also unrelated patents, some of which are not even owned by Plaintiff ICS.

ICS also remains willing to resolve this action against Old Glory on terms along the lines found acceptable by Seton.

| | |
|---|---|
| Dated: January 3, 2021 | **KELLEY DRYE & WARREN LLP** |
| | */s/ Charles Ainsworth*<br>John F. Ward (admitted E. D. Tex.)<br>Email: jward@kelleydrye.com<br>David G. Lindenbaum (admitted E. D. Tex.)<br>Email: dlindenbaum@kelleydrye.com<br>101 Park Avenue<br>New York, New York 10178<br>Telephone: (212) 808-7800<br>Facsimile: (212) 808-7897 |
| | Charles Ainsworth<br>State Bar No. 00783521<br>Email: charley@pbatyler.com<br>**Parker, Bunt & Ainsworth, P.C.**<br>100 E. Ferguson, Suite 1114<br>Tyler, Texas 75702<br>Phone: (903) 531-3535<br>Fax: (903) 533-9687 |
| | *Attorneys for Plaintiff Integrated Claims Systems, LLC* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 4, 2021.

                                                  */s/ Charles Ainsworth*
                                                  CHARLES AINSWORTH